Electronically Filed - Taney - August 17, 2018 - 05:36 PM

**IN THE CIRCUIT COURT OF TANEY COUNTY, MISSOURI**

BRENDA ATUTONU KING,                    )
                                        )
ROBERT AND MARY SACCO,                  )
husband and wife,                       )
                                        )
BRENDA AND BILL WAY,                    )
husband and wife,                       )
                                        )
JAMES AND MARY POUNDS,                  )
husband and wife,                       )
                                        )
VALERIE MATHEWS,                        )
                                        )
RON AND GAIL BERGSCHNEIDER,             )
husband and wife,                       )
                                        )
STEVE AND RITA COLE,                    )
husband and wife,                       )
                                        )
MERLE AND ARLENE RUDEBUSCH,             )
husband and wife,                       )
                                        )
JAMES AND CHERYL OWENS,                 )
husband and wife,                       )
                                        )
BENJAMIN AND CATALINA FULIAR,           )
husband and wife,                       )
                                        )
ROB AND JENNIFER REAVES,                )
husband and wife,                       )
                                        )
FRANK PIMENTEL,                         )
                                        )
ROBERT AND CYNTHIA SHANNON,             )
husband and wife,                       )
                                        )
THOMAS KOHLBECK AND                     )
GAY HARTFIELD,                          )
husband and wife,                       )
                                        )
RICHARD AND LORETTA NANCE,              )
husband and wife,                       )
                                        )
ROGER AND RITA LEAKE,                   )

**EXHIBIT A**

husband and wife,                              )
                                               )
**CORTEZ AND MAGALY PURYEAR,**                 )
husband and wife,                              )
                                               )
**DENNIS AND CHRISTINA TOBIN,**                )
husband and wife,                              )
                                               )
                              **Plaintiffs,**  )
                                               )
**v.**                                         )          **Case No.:** _____
                                               )
**WYNDHAM VACATION OWNERSHIP, INC.,**          )
                                               )
**WYNDHAM VACATION RESORTS, INC.,**            )
                                               )
                              **Defendants.**  )

<u>PETITION</u>

COMES NOW Plaintiffs, by and through undersigned counsel, and for their Petition against Defendants, states:

<u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u>

1. Defendant Wyndham Vacation Ownership, Inc. (hereinafter referred to as "Wyndham"), is a corporation authorized to do business in Missouri, in good standing, which can be served through its registered agent, Corporate Creations Network, Inc., 12747 Olive Blvd, Suite 300, St. Louis, MO 63141.

2. Defendant Wyndham Vacation Resorts, Inc., (hereinafter referred to as "Wyndham Resorts") is a corporation authorized to do business in Missouri, in good standing, which can be served through its registered agent, Corporate Creations Network, Inc., 12747 Olive Blvd, Suite 300, St. Louis, MO 63141.

3. At all times herein mentioned, all Defendants were co-conspirators, agents, servants, employees, and joint-venturers of each other and were acting within the course and scope

of said conspiracy, agency, employment, and/or joint-venture and with the permission and consent of each other.

4. That all relevant transactions to this Petition occurred in the County of Taney, State of Missouri.

5. That this Court has subject matter jurisdiction over this action pursuant to Chapter 407 RSMo, which allows for a private cause of action for breaches of the Merchandising Practices Act.

6. That the Merchandising Practices Act, § 407.025 RSMo, provides for a private cause of action, punitive damages, and attorney fees to a successful party who invokes its protections.

7. That the Merchandising Practices Act, § 407.010 RSMo, includes in the definition of "merchandise" the term service.

8. That Defendants are a timeshare sales company, that provide vacation services to the public.

**COUNT I – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

COMES NOW Plaintiff Brenda Atutonu King, (hereinafter "Plaintiff King") and for Count I of her Petition against Defendants state as follows:

9. Defendants used high pressure sales tactics to solicit Plaintiff King into purchasing a timeshare.

10. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiff King which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair

practice or the concealment, suppression, or omission of a material fact, including but not limited to:

a. Defendants told Plaintiff King a Wyndham timeshare was an investment that would increase in value.

b. Defendants told Plaintiff King there was a guaranteed buyback program.

c. Defendants told Plaintiff King she could rent her timeshare out for a profit or to cover her maintenance fees.

d. Defendants told Plaintiff King her maintenance fees would not increase, and he fees did increase.

e. Defendants told Plaintiff King she would be attending a 90-minute presentation, but the presentation lasted 4-5 hours.

f. Defendants told Plaintiff King if she split her upgrade into two contracts, Wyndham would buy the bigger contract back.

g. Defendants told Plaintiff King she could travel anywhere in the world she wanted whenever she wanted.

h. Defendants told Plaintiff King she would be attending an "Owner's Update" meeting after Wyndham acquired Fairfield Resorts and Plaintiff King received another high-pressure sales pitch where Defendants told Plaintiff King her contract with Fairfield was worthless unless she bought in under Wyndham.

i. Defendants showed Plaintiff King one type of unit during the presentation, but when Plaintiff King stayed at the resort, she received one of inferior quality.

j.   Defendants told Plaintiff King it would be easy to make a reservation, but Plaintiff King found it nearly impossible to get a reservation when she wanted to go to the resort.

11. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

12. That Defendants' statements and assurances referenced in subparagraphs "a" through "j", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiff King's decision to purchase a timeshare from Defendants.

13. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiff King was unable to independently research the claims made by Defendants.

14. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiff King has suffered an ascertainable monetary loss.

15. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiff King to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiff Brenda Atutonu King prays this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiff King and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT II – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Robert and Mary Sacco, husband and wife, (hereinafter "Plaintiffs Sacco") and for Count II of their Petition against Defendants state as follows:

16. Defendants used high pressure sales tactics to solicit Plaintiffs Sacco into purchasing a timeshare.

17. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Sacco which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

    a. Defendants told Plaintiffs Sacco that a Wyndham Resorts timeshare would be an investment that would increase in value.

    b. Defendants told Plaintiffs Sacco that they could sell their timeshare for a profit.

    c. Defendants told Plaintiffs Sacco they could rent their timeshare out for a profit or to cover their maintenance fees.

    d. Defendants told Plaintiffs Sacco they could travel anywhere in the world they wanted whenever they wanted.

    e. Plaintiffs Sacco were told they would be attending a 90-minute presentation and the presentation lasted much longer.

    f. Defendants told Plaintiffs Sacco they could travel anywhere in the world they wanted whenever they wanted.

    g. Defendant told Plaintiffs Sacco they would be attending an "Owner's Update" meeting where Plaintiffs Sacco received another high-pressure sales pitch.

    h.   Defendants told Plaintiffs Sacco they could write their timeshare off on their taxes or refinance at a lower rate.

    i.   Defendants showed Plaintiffs Sacco one type of unit during the sales presentation, but when Plaintiffs Sacco went to the resort, they received a unit of inferior quality.

    j.   Plaintiffs Sacco were told it would be easy to make a reservation, but found it was nearly impossible to get a reservation when they wanted to use their timeshare.

18. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

19. That Defendants' statements and assurances referenced in subparagraphs "a" through "k", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Sacco's decision to purchase a timeshare from Defendants.

20. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Sacco were unable to independently research the claims made by Defendants.

21. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Sacco have suffered an ascertainable monetary loss.

22. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Sacco to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Robert and Mary Sacco pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Sacco and against

Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT III – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Brenda and Bill Way, husband and wife, (hereinafter "Plaintiffs Way") and for Count III of their Petition against Defendants state as follows:

23. Defendants used high pressure sales tactics to solicit Plaintiffs Way into purchasing a timeshare.

24. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Way which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

   a. Defendants told Plaintiffs Way that a Wyndham timeshare was an investment that would increase in value.

   b. Defendants told Plaintiffs Way they could rent their timeshare out for a profit or to cover their maintenance fees.

   c. Defendants told Plaintiffs Way their maintenance fees would not increase, and their fees increased.

   d. Defendants told Plaintiffs Way they would attend a 90-minute presentation, but the presentation lasted 3-4 hours.

e.   Defendants told Plaintiffs Way they could travel anywhere in the world they wanted whenever they wanted.

f.   Plaintiffs Way were told they were attending an "Owner's Update" meeting where they received another high-pressure sales pitch.

g.   Defendants told Plaintiffs Way it would be easy to make a reservation, but Plaintiffs Way found it nearly impossible to get a reservation when they wanted to use the resort.

25. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

26. That Defendants' statements and assurances referenced in subparagraphs "a" through "g", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Way's decision to purchase a timeshare from Defendants.

27. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Way were unable to independently research the claims made by Defendants.

28. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Way have suffered an ascertainable monetary loss.

29. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Way to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Brenda and Bill Way pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Way and against

Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT IV – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiffs James and Mary Pounds, husband and wife, (hereinafter "Plaintiffs Pounds") and for Count IV of their Petition against Defendants state as follows:

30. Defendants used high pressure sales tactics to solicit Plaintiffs Pounds into purchasing a timeshare.

31. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Pounds which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

   a. Defendants told Plaintiffs Pounds their maintenance fees would decrease, but the fees increased.

   b. Plaintiffs Pounds were told they would be attending a 90-minute presentation, but the presentation lasted much longer.

   c. Defendants told Plaintiffs Pounds they could travel anywhere in the world they wanted whenever they wanted.

   d. Defendants told Plaintiffs Pounds they were attending an "Owner's Update" meeting where they received another high-pressure sales pitch.

e. Defendants did not tell Plaintiffs Pounds they had a legal right to rescind or cancel their contract or how to do so if they chose.

f. Defendants showed Plaintiffs Pounds one type of unit during the sales presentation, but when they went to the resort they received one of inferior quality.

g. Defendants told Plaintiffs Pounds it would be easy to make a reservation, but Plaintiffs Pounds found it was nearly impossible to get a reservation when they wanted to use their timeshare.

32. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

33. That Defendants' statements and assurances referenced in subparagraphs "a" through "g", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Pounds' decision to purchase a timeshare from Defendants.

34. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Pounds were unable to independently research the claims made by Defendants.

35. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Pounds have suffered an ascertainable monetary loss.

36. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Pounds to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs James and Mary Pounds pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Pounds and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT V – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff Valerie Mathews, (hereinafter "Plaintiff Mathews") and for Count V of her Petition against Defendants state as follows:

37. Defendants used high pressure sales tactics to solicit Plaintiff Mathews into purchasing a timeshare.

38. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiff Mathews which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

    a. Plaintiff Mathews was told she was attending a 90-minute presentation that lasted 2-3 hours.

    b. Plaintiff Mathews was told she was attending an "Owner's Update" meeting and received another high-pressure sales pitch.

    c. Defendants told Plaintiff Mathews it would be easy to make a reservation, but Plaintiffs Mathews found it nearly impossible to make a reservation when they wanted to go to the resort.

39. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

40. That Defendants' statements and assurances referenced in subparagraphs "a" through "c", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiff Mathews' decision to purchase a timeshare from Defendants.

41. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiff Mathews was unable to independently research the claims made by Defendants.

42. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiff Mathews has suffered an ascertainable monetary loss.

43. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiff Mathews to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiff Valerie Mathews pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiff Mathews and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT VI – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Ron and Gail Bergschneider, husband and wife, (hereinafter
"Plaintiffs Bergschneider") and for Count VI of their Petition against Defendants state as
follows:

44. Defendants used high pressure sales tactics to solicit Plaintiffs Bergschneider into
purchasing a timeshare.

45. That during and after the contact with Defendants for vacation services, Defendants
through its representatives and/or agents made representations to Plaintiffs Bergschneider
which amounted to deception, fraud, false pretenses, false promise, misrepresentation,
unfair practice or the concealment, suppression, or omission of a material fact, including
but not limited to:

   a. Defendants told Plaintiffs Bergschneider that a Wyndham Resorts timeshare
      would be an investment that would increase in value.

   b. Defendants told Plaintiffs Bergschneider they could sell their timeshare for a
      profit.

   c. Defendants told Plaintiffs Bergschneider they could rent their timeshare out for a
      profit or to cover their maintenance fees.

   d. Plaintiffs Bergschneider were told they were attending a 90-minute presentation
      and the presentation lasted for hours.

   e. Defendants told Plaintiffs Bergschneider they could travel anywhere in the world
      they wanted whenever they wanted.

   f. Defendants told Plaintiffs Bergschneider they were attending an "Owner's
      Update" meeting where Plaintiffs Bergschneider received another high-pressure
      sales pitch.

    g.  Defendant told Plaintiffs Bergschneider that it would be easy to make a
reservation, but Plaintiffs Bergschneider found it nearly impossible to get a
reservation when they wanted to go to the resort.

46. On information and belief, Defendants misrepresented the benefits of buying a timeshare
from them.

47. That Defendants' statements and assurances referenced in subparagraphs "a" through
"g", inclusive, and/or its concealment, suppression, or omission of those issues were
material to Plaintiffs Bergschneider's decision to purchase a timeshare from Defendants.

48. Because of the high-pressure sales tactics and the insistence that the purchase needed to
be made immediately to receive the "benefits", Plaintiffs Bergschneider were unable to
independently research the claims made by Defendants.

49. That as a direct and proximate result of the misrepresentations, statements, assurances,
and omissions made by Defendants, Plaintiffs Bergschneider have suffered an
ascertainable monetary loss.

50. That the conduct of Defendants in the foregoing respects was willful, intentional, and
malicious and without just cause or excuse, entitling Plaintiffs Bergschneider to actual
and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Ron and Gail Bergschneider pray this Honorable Court hear and
determine the matter and enter Judgment in favor of Plaintiffs Bergschneider and against
Defendants for actual and incidental and consequential damages, for punitive damages in
an amount that is fair and reasonable, and for their attorney fees and expenses herein
reasonably expended, and for such other and further relief as this Honorable Court may
deem just and proper.

## COUNT VII – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES

## ACT

COME NOW Plaintiffs Steve and Rita Cole, husband and wife, (hereinafter "Plaintiffs Cole"

and for Count VII of their Petition against Defendants state as follows:

51. Defendants used high pressure sales tactics to solicit Plaintiffs Cole into purchasing a

timeshare.

52. That during and after the contact with Defendants for vacation services, Defendants

through its representatives and/or agents made representations to Plaintiffs Cole which

amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair

practice or the concealment, suppression, or omission of a material fact, including but not

limited to:

    a.   Defendants told Plaintiffs Cole that a Wyndham timeshare was an investment that

        would increase in value.

    b.   Defendants told Plaintiffs Cole they could sell their timeshare for a profit.

    c.   Defendants told Plaintiffs Cole they could rent their timeshare out for a profit or

        to cover their maintenance fees.

    d.   Plaintiffs Cole were told they would be attending a 90-minute presentation and

        the presentation lasted 3 hours.

    e.   Defendants told Plaintiffs Cole they could travel anywhere in the world they

        wanted whenever they wanted.

    f.   Defendants told Plaintiffs Cole they were attending an "Owner's Update" meeting

        where they received another high-pressure sales pitch.

    g.  Defendants told Plaintiffs Cole they could refinance their timeshare at a much lower rate.

    h.  Defendants showed Plaintiffs Cole one type of unit during the sales presentation, but when Plaintiffs Cole went to the resort they received a room of inferior quality.

    i.  Defendants told Plaintiffs Cole it would be easy to make a reservation, but Plaintiffs Cole found it nearly impossible to get a reservation when they wanted to go to the resort.

53. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

54. That Defendants' statements and assurances referenced in subparagraphs "a" through "i", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Cole's decision to purchase a timeshare from Defendants.

55. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Cole were unable to independently research the claims made by Defendants.

56. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Cole have suffered an ascertainable monetary loss.

57. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Cole to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Steve and Rita Cole pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Cole and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT VIII – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Merle and Arlene Rudebusch, husband and wife, (hereinafter "Plaintiffs Rudebusch") and for Count VIII of their Petition against Defendants state as follows:

58. Defendants used high pressure sales tactics to solicit Plaintiffs Rudebusch into purchasing a timeshare.

59. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Rudebusch which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

   a. Defendants told Plaintiffs Rudebusch they could rent their timeshare out for a profit or to cover their maintenance fees.

   b. Defendants told Plaintiffs Rudebusch their maintenance fees would not increase, and the fees increased.

    c. Plaintiffs Rudebusch were told they would be attending a 90-minute presentation and the presentation lasted all day.

    d. Defendants told Plaintiffs Rudebusch they could travel anywhere in the world they wanted whenever they wanted.

    e. Defendants told Plaintiffs Rudebusch they were attending an "Owner's Update" meeting where they received another high-pressure sales pitch.

    f. Defendants told Plaintiffs Rudebusch they could write their timeshare off on their taxes.

    g. Defendants showed Plaintiffs Rudebusch one type of unit during the sales presentation, but when they went to the resort they received one of inferior quality.

    h. Defendants told Plaintiffs Rudebusch it would be easy to make a reservation but when Plaintiffs Rudebusch tried to make a reservation, they were told they did not have enough points to get a reservation.

60. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

61. That Defendants' statements and assurances referenced in subparagraphs "a" through "h", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Rudebusch's decision to purchase a timeshare from Defendants.

62. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Rudebusch were unable to independently research the claims made by Defendants.

63. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Rudebusch have suffered an ascertainable monetary loss.

64. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Rudebusch to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Merle and Arlene Rudebusch pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Rudebusch and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT IX – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs James and Cheryl Owens, husband and wife, (hereinafter "Plaintiffs Owens") and for Count IX of their Petition against Defendants state as follows:

65. Defendants used high pressure sales tactics to solicit Plaintiffs Owens into purchasing a timeshare.

66. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Owens which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

a.  Defendants told Plaintiffs Owens that a Wyndham Resorts timeshare was an investment that would increase in value.

b.  Defendants told Plaintiffs Owens they could rent their timeshare out for a profit or to cover their maintenance fees.

c.  Defendants told Plaintiffs Owens their maintenance fees would not increase, and their fees did increase.

d.  Plaintiffs Owens were told they would be attending a 90-minute presentation that lasted 2-3 hours.

e.  Defendants told Plaintiffs Owens they could travel anywhere in the world they wanted whenever they wanted.

f.  Defendants told Plaintiffs Owens they were attending an "Owner's Update" meeting every time they stayed at the resort and they received another high-pressure sales pitch.

g.  Defendants told Plaintiffs Owens they could write their timeshare off on their taxes or refinance at a much lower rate.

h.  Defendants showed Plaintiffs Owens one type of unit during the sales presentation, but when Plaintiffs Owens went to the resort they received a unit of inferior quality.

i.  Defendants told Plaintiffs Owens it would be easy to make a reservation, but Plaintiffs Owens found it nearly impossible to get a reservation when they wanted to go to the resort.

  j. Defendants told Plaintiffs Owens there was a program where they could sell their timeshare back, but someone forged Mr. Owens' name and claimed they declined participation in the program.

67. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

68. That Defendants' statements and assurances referenced in subparagraphs "a" through "j", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Owens' decision to purchase a timeshare from Defendants.

69. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Owens were unable to independently research the claims made by Defendants.

70. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Owens have suffered an ascertainable monetary loss.

71. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Owens to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs James and Cheryl Owens pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Owens and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

**COUNT X – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

COME NOW Plaintiffs Benjamin and Catalina Fuliar, husband and wife, (hereinafter

"Plaintiffs Fuliar") and for Count X of their Petition against Defendants state as follows:

72. Defendants used high pressure sales tactics to solicit Plaintiffs Fuliar into purchasing a

timeshare.

73. That during and after the contact with Defendants for vacation services, Defendants

through its representatives and/or agents made representations to Plaintiffs Fuliar which

amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair

practice or the concealment, suppression, or omission of a material fact, including but not

limited to:

    a.  Defendants told Plaintiffs Fuliar they could abate their contract if they no longer

        wanted their timeshare, but when Mrs. Fuliar called to abate the contract, she was

        told they could only abate if they were fully paid off.

    b.  Defendants told Plaintiffs Fuliar they could rent their timeshare out for a profit or

        to cover their maintenance fees.

    c.  Plaintiffs Fuliar were told they would be attending a 90-minute presentation and

        the presentation lasted for hours.

    d.  Defendants told Plaintiffs Fuliar they could travel anywhere in the world they

        wanted whenever they wanted.

    e.  Plaintiffs Fuliar were told they were attending an "Owner's Update" meeting and

        they received another high-pressure sales pitch.

    f.  Defendants told Plaintiffs Fuliar they could refinance their timeshare at a lower

        rate or get an equity loan to pay off their timeshare.

g.  Defendants showed Plaintiffs Fuliar one type of unit during the sales presentation, but when they went to the resort they received a unit of inferior quality.

h.  Defendant told Plaintiffs Fuliar it would be easy to make a reservation, but Plaintiffs Fuliar found it nearly impossible to make a reservation when they wanted to go to the resort.

74. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

75. That Defendants' statements and assurances referenced in subparagraphs "a" through "h", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Fuliar's decision to purchase a timeshare from Defendants.

76. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Fuliar were unable to independently research the claims made by Defendants.

77. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Fuliar have suffered an ascertainable monetary loss.

78. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Fuliar to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Benjamin and Catalina Fuliar pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Fuliar and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein

reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XI – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiffs Rob and Jennifer Reaves, (hereinafter "Plaintiffs Reaves") and for Count XI of their Petition against Defendants state as follows:

79. Defendants used high pressure sales tactics to solicit Plaintiffs Reaves into purchasing a timeshare.

80. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Reaves which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

   a. Defendants told Plaintiffs Reaves a Wyndham Resorts timeshare would be an investment that would increase in value.

   b. Defendants told Plaintiffs Reaves they would buy their timeshare back if they no longer wanted it.

   c. Defendants did not tell Plaintiffs Reaves their maintenance fees would increase, and the fees increased.

   d. Plaintiffs Reaves were told they would be attending a 90-minute presentation and the presentation lasted over 2 hours.

   e. Defendants told Plaintiffs Reaves they could travel anywhere in the world they wanted whenever they wanted.

    f.   Defendants told Plaintiffs Reaves they would be attending an "Owner's Update" meeting where they received another high-pressure sales pitch.

    g.   Defendants told Plaintiffs Reaves they could write their timeshare off on their taxes or refinance at a much lower rate.

    h.   Defendants told Plaintiffs Reaves it would be easy to make a reservation, but Plaintiffs Reaves found it nearly impossible to get a reservation when they wanted to use the resort.

81. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

82. That Defendants' statements and assurances referenced in subparagraphs "a" through "h", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Reaves' decision to purchase a timeshare from Defendants.

83. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Reaves were unable to independently research the claims made by Defendants.

84. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Reaves have suffered an ascertainable monetary loss.

85. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Reaves to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Rob and Jennifer Reaves pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Reaves and against

Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XII – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff Frank Pimentel, (hereinafter "Plaintiff Pimentel") and for Count XII of his Petition against Defendants state as follows:

86. Defendants used high pressure sales tactics to solicit Plaintiff Pimentel into purchasing a timeshare.

87. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiff Pimentel which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

   a. Defendants told Plaintiff Pimentel he could travel anywhere in the world he wanted whenever he wanted.

   b. Defendants told Plaintiff Pimentel it would be easy to make a reservation, but Plaintiff Pimentel has found it nearly impossible to get a reservation when he wants to use the resort.

   c. When Plaintiff Pimentel upgraded to "Elite", Defendants told him he could get whatever he wanted, but Plaintiff Pimentel found that to be untrue.

88. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

89. That Defendant's statements and assurances referenced in subparagraphs "a" through "c", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiff Pimentel's decision to purchase a timeshare from Defendants.

90. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiff Pimentel was unable to independently research the claims made by Defendants.

91. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiff Pimentel has suffered an ascertainable monetary loss.

92. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiff Pimentel to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiff Frank Pimentel prays this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiff Pimentel and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for his attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XIII – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Robert and Cynthia Shannon, husband and wife, (hereinafter "Plaintiffs Shannon") and for Count XIII of their Petition against Defendants state as follows:

93. Defendants used high pressure sales tactics to solicit Plaintiffs Shannon into purchasing a timeshare.

94. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Shannon which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

    a. Defendants told Plaintiffs Shannon that a Wyndham Resorts timeshare was an investment that would increase in value.

    b. Defendants told Plaintiffs Shannon they could sell their timeshare for a profit.

    c. Defendants told Plaintiffs Shannon they could rent their timeshare out for a profit or to cover their maintenance fees.

    d. Plaintiffs Shannon were told they would be attending a 90-minute presentation and the presentation lasted a day and a half.

    e. Defendants told Plaintiffs Shannon they could travel anywhere in the world they wanted whenever they wanted.

    f. Plaintiffs Shannon were told they were attending an "Owner's Update" meeting and they received another high-pressure sales pitch where Mrs. Shannon was told she needed to convert the week she inherited from her parents to points to be able to use it.

g. Defendants did not tell Plaintiffs Shannon they had a legal right to rescind or cancel their contract or how to do so if they chose.

h. Defendant told Plaintiffs Shannon it would be easy to make a reservation, but Plaintiffs Shannon found it nearly impossible to make a reservation when they wanted to go to the resort.

i. Defendants told Plaintiffs Shannon their Hawaii Silver VIP was temporary, and in order to use all of their points together they would need to upgrade to VIP Gold.

j. When Plaintiff Cynthia Shannon tried to use their points to go to the resorts, she was continually told by Defendants that she was not the owner and was unable to use them.

95. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

96. That Defendants' statements and assurances referenced in subparagraphs "a" through "j", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Shannon's decision to purchase a timeshare from Defendants.

97. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Shannon were unable to independently research the claims made by Defendants.

98. That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Shannon have suffered an ascertainable monetary loss.

99. That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Shannon to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Robert and Cynthia Shannon pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Shannon and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XIV – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Thomas Kohlbeck and Gay Hartfield, husband and wife, (hereinafter "Plaintiffs Kohlbeck") and for Count XIV of their Petition against Defendants state as follows:

100. Defendants used high pressure sales tactics to solicit Plaintiffs Kohlbeck into purchasing a timeshare.

101. That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Kohlbeck which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

    a. Defendants told Plaintiffs Kohlbeck they could rent their timeshare out for a profit or deposit points to cover their maintenance fees.

    b.  Defendants told Plaintiffs Kohlbeck their maintenance fees would not increase, but the fees increased.

    c.  Plaintiffs Kohlbeck were told they would be attending a 90-minute presentation and the presentation lasted 4-6 hours.

    d.  Defendants told Plaintiffs Kohlbeck they could travel anywhere in the world they wanted whenever they wanted.

    e.  Defendants told Plaintiffs Kohlbeck they were attending an "Owner's Update" meeting where they received another high-pressure sales pitch.

    f.  Defendants told Plaintiffs Kohlbeck they would have to purchase more points to be eligible for a hardship claim.

102.    On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

103.    That Defendants' statements and assurances referenced in subparagraphs "a" through "f", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Kohlbeck's decision to purchase a timeshare from Defendants.

104.    Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Kohlbeck were unable to independently research the claims made by Defendants.

105.    That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Kohlbeck have suffered an ascertainable monetary loss.

106.     That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Kohlbeck to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Thomas Kohlbeck and Gay Hartfield pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Kohlbeck and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XV – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Richard and Loretta Nance, husband and wife, (hereinafter "Plaintiffs Nance") and for Count XV of their Petition against Defendants state as follows:

107.     Defendants used high pressure sales tactics to solicit Plaintiffs Nance into purchasing a timeshare.

108.     That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Nance which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

   a.   Defendants told Plaintiffs Nance that a Wyndham timeshare would be an investment that would increase in value.

Electronically Filed - Taney - August 17, 2018 - 05:36 PM

b. Defendants told Plaintiffs Nance they could sell their timeshare for a profit.

c. Defendants told Plaintiffs Nance they could rent their timeshare out for a profit or to cover their maintenance fees.

d. Defendants did not tell Plaintiffs Nance their maintenance fees would increase, and the fees increased.

e. Plaintiffs Nance were told they would be attending a 90-minute presentation and the presentation lasted 2 ½ hours.

f. Defendants told Plaintiffs Nance they could travel anywhere in the world they wanted whenever they wanted.

g. Defendants showed Plaintiffs Nance one type of unit during the sales presentation, but when Plaintiffs Nance went to the resort, they received a unit of inferior quality.

h. Defendants told Plaintiffs Nance it would be easy to make a reservation, but Plaintiffs Nance found it nearly impossible to get a reservation when they wanted to go to the resort.

109. On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

110. That Defendants' statements and assurances referenced in subparagraphs "a" through "h", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Nance's decision to purchase a timeshare from Defendants.

111. Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Nance were unable to independently research the claims made by Defendants.

112.     That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Nance have suffered an ascertainable monetary loss.

113.     That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Nance to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Richard and Loretta Nance pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Nance and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XVI – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Roger and Rita Leake, husband and wife, (hereinafter "Plaintiffs Leake") and for Count XVI of their Petition against Defendants state as follows:

114.     Defendants used high pressure sales tactics to solicit Plaintiffs Leake into purchasing a timeshare.

115.     That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Leake which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

a.  Defendants told Plaintiffs Leake that a Wyndham Resort timeshare would be an investment that would increase in value.

b.  Defendants told Plaintiffs Leake they could sell their timeshare to make a profit.

c.  Defendants told Plaintiffs Leake they could rent their timeshare out for a profit or to cover their maintenance fees.

d.  Defendants told Plaintiffs Leake their maintenance fees would increase minimally, but the fees are increasing at an enormous rate.

e.  Plaintiffs Leake were told they would be attending a 90-minute presentation, and the presentation lasted much longer.

f.  Defendants told Plaintiffs Leake they could travel anywhere in the world they wanted whenever they wanted.

g.  Defendants told Plaintiffs Leake they would be attending an "Owner's Update" meeting and they received another high-pressure sales pitch.

h.  Defendants did not tell Plaintiffs Leake they had a legal right to rescind or cancel their contract or how to do so if they chose.

i.  Defendants showed Plaintiffs Leake one type of unit during the sales presentation, but when Plaintiffs Leake went to the resort they received a unit of inferior quality.

116.  On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

117.  That Defendants' statements and assurances referenced in subparagraphs "a" through "i", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Leake's decision to purchase a timeshare from Defendants.

118.    Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Leake were unable to independently research the claims made by Defendants.

119.    That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Leake have suffered an ascertainable monetary loss.

120.    That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Leake to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Roger and Rita Leake pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Leake and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XVII – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Cortez and Magaly Puryear, husband and wife, (hereinafter "Plaintiffs Puryear") and for Count XVII of their Petition against Defendants state as follows:

121.    Defendants used high pressure sales tactics to solicit Plaintiffs Puryear into purchasing a timeshare.

122.     That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Puryear which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

a. Defendants told Plaintiffs Puryear that a Wyndham Resorts timeshare would be an investment that would increase in value.

b. Defendants told Plaintiffs Puryear they could sell their timeshare for a profit.

c. Defendants told Plaintiffs Puryear they could rent their timeshare out for a profit or to cover their maintenance fees.

d. Plaintiffs Puryear were told they would be attending a 90-minute presentation and the presentation lasted much longer.

e. Defendants told Plaintiffs Puryear they could travel anywhere in the world they wanted whenever they wanted.

f. Defendants told Plaintiffs Puryear they were attending an "Owner's Update" meeting where they received another high-pressure sales pitch.

g. Defendants showed Plaintiffs Puryear one type of unit during the sales presentation, but when Plaintiffs Puryear went to the resort they received a unit of inferior quality.

h. Defendants told Plaintiffs Puryear it would be easy to make a reservation, but Plaintiffs Puryear found it nearly impossible to get a reservation when they wanted to go to the resort.

123.    On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

124.    That Defendants' statements and assurances referenced in subparagraphs "a" through "h", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Puryear's decision to purchase a timeshare from Defendants.

125.    Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Puryear were unable to independently research the claims made by Defendants.

126.    That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Puryear have suffered an ascertainable monetary loss.

127.    That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Puryear to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Cortez and Magaly Puryear pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Puryear and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

## COUNT XVIII – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COME NOW Plaintiffs Dennis and Christina Tobin, husband and wife, (hereinafter "Plaintiffs Tobin") and for Count XVIII of their Petition against Defendants state as follows:

128.    Defendants used high pressure sales tactics to solicit Plaintiffs Tobin into purchasing a timeshare.

129.    That during and after the contact with Defendants for vacation services, Defendants through its representatives and/or agents made representations to Plaintiffs Tobin which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to:

    a.  Defendants told Plaintiffs Tobin they could sell their timeshare for a profit.

    b.  Defendants told Plaintiffs Tobin they could rent their timeshare out for a profit or to cover their maintenance fees.

    c.  Plaintiffs Tobin were told they would be attending a 90-minute presentation, and the presentation lasted over 5 hours.

    d.  Defendants told Plaintiffs Tobin they could travel anywhere in the world they wanted whenever they wanted.

    e.  Defendants did not tell Plaintiffs Tobin they had a legal right to rescind or cancel their contract or how to do so if they chose.

    f.  Plaintiffs Tobin were led to believe the amount of points they purchased would be enough to get a reservation, but when they called to make a reservation, they were told they did not have enough points to use the resort and would have to upgrade.

g.  Defendants told Plaintiffs Tobin they would be receiving a credit card from Barclay with a 1% interest rate, but when Plaintiffs Tobin contacted Barclay, they were told the interest rate would be 25%.

130.    On information and belief, Defendants misrepresented the benefits of buying a timeshare from them.

131.    That Defendants' statements and assurances referenced in subparagraphs "a" through "g", inclusive, and/or its concealment, suppression, or omission of those issues were material to Plaintiffs Tobin's decision to purchase a timeshare from Defendants.

132.    Because of the high-pressure sales tactics and the insistence that the purchase needed to be made immediately to receive the "benefits", Plaintiffs Tobin were unable to independently research the claims made by Defendants.

133.    That as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendants, Plaintiffs Tobin have suffered an ascertainable monetary loss.

134.    That the conduct of Defendants in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs Tobin to actual and punitive damages and attorney fees and costs herein incurred.

WHEREFORE, Plaintiffs Dennis and Christina Tobin pray this Honorable Court hear and determine the matter and enter Judgment in favor of Plaintiffs Tobin and against Defendants for actual and incidental and consequential damages, for punitive damages in an amount that is fair and reasonable, and for their attorney fees and expenses herein reasonably expended, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

THE MONTGOMERY LAW FIRM, LLC

By:   /s/ M. Scott Montgomery
        M. Scott Montgomery
        Missouri Bar No. 42805
        901 E. St. Louis Street, Suite 1200
        Springfield, Missouri 65806
        Phone: 417-887-4949
        Fax: 417-887-8618
        E-mail: scott@montgomerylaw.org



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TONY W. WILLIAMS | **Case Number: 1846-CC00155** |
| Plaintiff/Petitioner:<br>BRENDA KING<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>M SCOTT MONTGOMERY<br>1050 E WALNUT<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>WYNDHAM VACATION OWNERSHIP, INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129<br>FORSYTH, MO 65653 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **WYNDHAM VACATION RESORTS, INC.**
**Alias:**

12747 OLIVE BLVD
SUITE 300
ST. LOUIS, MO 63141
*COURT SEAL OF*

*TANEY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 08/20/2018 | /s/ Beth Wyman /kc |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-414**      1  of  1      Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:18-cv-03319-JTM   Document 1-2   Filed 09/28/18   Page 43 of 48



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TONY W. WILLIAMS | **Case Number: 1846-CC00155** |
| Plaintiff/Petitioner:<br>BRENDA KING | Plaintiff's/Petitioner's Attorney/Address<br>M SCOTT MONTGOMERY<br>1050 E WALNUT |
| vs. | SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>WYNDHAM VACATION OWNERSHIP, INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129 |
| Nature of Suit:<br>CC Other Tort | FORSYTH, MO 65653 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **WYNDHAM VACATION OWNERSHIP, INC**
Alias:

12747 OLIVE BLVD
SUITE 300
ST. LOUIS, MO 63141
*COURT SEAL OF*

*TANEY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 08/20/2018 | /s/ Beth Wyman /kc |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____          _____
Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 6:18-cv-03319-JTM   Document 1-2   Filed 09/28/18   Page 44 of 48



524
4

Electronically Filed - Taney - August 30, 2018 - 04:12 PM

SB 9-19

# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TONY W. WILLIAMS | **Case Number: 1846-CC00155** |
| Plaintiff/Petitioner:<br>BRENDA KING<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>M SCOTT MONTGOMERY<br>1050 E WALNUT<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>WYNDHAM VACATION OWNERSHIP, INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129<br>FORSYTH, MO 65653 |
| Nature of Suit:<br>CC Other Tort | |

2018 AUG 27 PM 12: 55
ST. LOUIS COUNTY SHERIFF'S OFFICE
RECEIVED
(Date File Stamp)

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: **WYNDHAM VACATION RESORTS, INC.**<br><br>**12747 OLIVE BLVD**<br>**SUITE 300**<br>**ST. LOUIS, MO 63141**<br>*COURT SEAL OF*<br><br>*TANEY COUNTY* | Alias:<br>12 DEPOSE |

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 08/20/2018 | /s/ Beth Wyman /kc |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Brittany (name) Receptionist (title).

☐ other: _____

Served at 12747 Olive #300 (address)
in St Louis (County/City of St. Louis), MO, on 8/29/18 (date) at 0840 (time).

Scott DePolo
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

AUG 28 2018

18-SMCC-7379

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-414**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:18-cv-03319-JTM   Document 1-2   Filed 09/28/18   Page 45 of 48

523

SB9-19



**IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI**

| Judge or Division:<br>TONY W. WILLIAMS | Case Number: 1846-CC00155 |
|---|---|
| Plaintiff/Petitioner:<br>BRENDA KING<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>M SCOTT MONTGOMERY<br>1050 E WALNUT<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>WYNDHAM VACATION OWNERSHIP, INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129 |
| Nature of Suit:<br>CC Other Tort | FORSYTH, MO 65653 |

(Date File Stamp)

AUG 2 8 2018

## Summons in Civil Case

The State of Missouri to: **WYNDHAM VACATION OWNERSHIP, INC**
     **Alias:**

**12747 OLIVE BLVD**
**SUITE 300**
**ST. LOUIS, MO 63141**
  **COURT SEAL OF**   12 DCPase

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**TANEY COUNTY**

| 08/20/2018 | /s/ Beth Wyman /kc |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Brittany (name) Receptionist (title).

☐ other: _____

Served at 12747 Olive #300 (address)

in St Louis (County/City of St. Louis), MO, on 8/29/18 (date) at 0840 (time).

Scott DePrisco
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
           Date                 Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____ 10.00 _____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-7300

523

SBq-19



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TONY W. WILLIAMS | Case Number: 1846-CC00155 |
| Plaintiff/Petitioner:<br>BRENDA KING | Plaintiff's/Petitioner's Attorney/Address<br>M SCOTT MONTGOMERY<br>1050 E WALNUT<br>SPRINGFIELD, MO 65806 |
| vs. | |
| Defendant/Respondent:<br>WYNDHAM VACATION OWNERSHIP, INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129<br>FORSYTH, MO 65653 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WYNDHAM VACATION OWNERSHIP, INC
Alias:

12747 OLIVE BLVD
SUITE 300
ST. LOUIS, MO 63141
COURT SEAL OF

12 DCASe

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

TANEY COUNTY

08/20/2018     /s/ Beth Wyman /kc
Date          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Brittany (name) Receptionist (title).
☐ other: _____

Served at 12747 Olive # 300 (address)
in St Louis (County/City of St. Louis), MO, on 8/29/18 (date) at 0840 (time).

Scott DePaolo
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-7300

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-413**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:18-cv-03319-JTM   Document 1-2   Filed 09/28/18   Page 47 of 48

52H
4



Electronically Filed - Taney - August 30, 2018 - 04:12 PM

SB 9-19

# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| Judge or Division:<br>TONY W. WILLIAMS | Case Number: 1846-CC00155 |
|---|---|
| Plaintiff/Petitioner:<br>BRENDA KING | Plaintiff's/Petitioner's Attorney/Address<br>M SCOTT MONTGOMERY<br>1050 E WALNUT |
| vs. | SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>WYNDHAM VACATION OWNERSHIP, INC | Court Address:<br>266 MAIN STREET<br>PO BOX 129 |
| Nature of Suit:<br>CC Other Tort | FORSYTH, MO 65653 |

2018 AUG 27 PM 12: 55
ST. LOUIS COUNTY
SHERIFF'S OFFICE
RECEIVED
(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  WYNDHAM VACATION RESORTS, INC.**

12747 OLIVE BLVD
SUITE 300
ST. LOUIS, MO 63141

Alias:
12 DEPOSe

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*TANEY COUNTY*

08/20/2018 ................................ /s/ Beth Wyman /kc
.......Date........................................................ Clerk

Further Information: ................................

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Brittany (name) Receptionist (title).

☐ other: _____

Served at 12747 Olive #200 (address)

in St Louis (County/City of St. Louis), MO, on 8/29/18 (date) at 0840 (time).

Scott DiPolito
.......Printed Name of Sheriff or Server........................ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
..............................Date.................................... Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

AUG 28 2018

18-SMCC-7379

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-414**     1  of  1          Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:18-cv-03319-JTM   Document 1-2   Filed 09/28/18   Page 48 of 48