IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **BRENDA ATUTONU KING, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 6:18-CV-03319-MDH |
| ) | |
| **WYNDHAM VACATION OWNERSHIP,** ) | |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Based on Lack of Personal Jurisdiction over non-Missouri claims. (Doc. 3). Also before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9). There are eighteen claims in this action, each made by one of eighteen plaintiffs, for violations of the Missouri Merchandising Practices Act. Defendant claims that twelve of these eighteen plaintiffs, making twelve of the eighteen claims,[1] have an insufficient relationship with Missouri to establish personal jurisdiction and should be dismissed. For the reasons explained below, the Court will grant Defendant's Motion and deny Plaintiff's Motion.

### I. Ripeness

As a preliminary matter, the Court will address Plaintiff's argument that a ruling on this motion should be deferred until either (1) a ruling on Plaintiff's Motion to Remand (Doc. 29); or (2) a ruling on Plaintiffs' Motion to Amend their Complaint (Doc. 9) is issued, on the basis that either could moot the instant order.

**1. Motion to Remand**

---

[1] Specifically, Counts 1-5, 9-13, 15, and 17.

Plaintiffs argue this Motion should not be ruled on because the Court lacks subject matter jurisdiction over this lawsuit per its Motion to Remand, and that any ruling by this Court on any other motion will therefore be moot. (Doc. 29). The Court notes that there is no rigid order by which it must rule on Motions. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 431 (2007). In light of the fact that the motion to remand was only filed on December 6, 2018, and because the instant motion has been fully briefed and presents for the Court what it considers a relatively straightforward issue, the Court will proceed in ruling on the instant motion and save the motion to remand for another day.

**2. Motion for Leave to File an Amended Complaint**

Plaintiff also argues that consideration of this Motion should wait until the Court issues a ruling on Defendant's motion for leave to file an amended complaint. (Doc. 9). In the absence of any indication of what the amended complaint will contain, it is impossible for the Court to determine whether Plaintiffs' amended complaint will change the jurisdictional analysis the Court engages in *infra.* However, Local Rule 15.1 requires Plaintiff to attach its proposed complaint to its motion, which Plaintiff failed to do. This Court may deny a motion for leave to amend when it does not comply with the local rules. *U.S. ex rel. Raynor v. Nat'l Rural Util. Co-op Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012). The Court on this basis will deny Plaintiffs' Motion for Leave to File an Amended Complaint. Because Plaintiff's motion for leave to amend will be denied, it poses no impediment to the Court ruling on Defendant's motion to dismiss based on lack of personal jurisdiction over non-Missouri claims.

**II. Personal Jurisdiction**

Personal jurisdiction may be general or specific, but to establish it "a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be

subjected to jurisdiction within the state." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-75.

### 1. General Jurisdiction

For general jurisdiction to exist, a defendant must have "affiliations with the state [that] are so systematic as render it essentially at home in the foreign state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotations omitted). In this case, Plaintiffs do not allege that Defendants are "at home" in Missouri, and Defendants by affidavit establish they are incorporated in Delaware, headquartered in Florida, and conduct less than 6% of their business in Missouri. (Doc. 4-1). The mere fact that a Defendant has in-state business does not establish general jurisdiction in that state; its business activities must be "so substantial" and of "such a nature" as to render it at home in the state where the claim is made. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (quoting *Daimler AG*, 571 U.S. at 139, n. 20 ("a corporation that operates in many places can scarcely be deemed at home in all of them.")). It is clear to the Court that while Defendants operate in Missouri, they are not home there. Consequently, the Court does not find general jurisdiction to exist.

### 2. Specific Jurisdiction

Specific jurisdiction exists in a diversity suit only if permitted by the forum's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). Under Missouri's long-arm statute, Defendants submit themselves to Missouri jurisdiction as to any cause of action that arises from the transaction any business or by contact within the state of Missouri. RSMo. § 506.500.1. The Due Process Clause of the Fourteenth Amendment requires that the exertion of jurisdiction

over a defendant not "offend traditional notions of fair play and substantial justice." *Int' Shoe v. Washington*, 326 U.S. 321, 316 (1945).

In their complaint, all eighteen Plaintiffs allege that "all relevant transactions to this Petition" occurred in Taney County, Missouri. Taken as true, this would indicate that the Missouri long-arm statute extended to reach Defendants in each of these eighteen cases. However, Defendants by affidavit have submitted that twelve of the eighteen Plaintiffs, specifically Brenda Atutonu King (Count 1), Robert and Mary Sacco (Count 2), Brenda and Bill Way (Count 3), James and Mary Pounds (Count 4), Valerie Mathews (Count 5), James and Cheryl Ownes (Count 9), Benjamin and Catalina Fuliar (Count 10), Rob and Jennifer Reaves (Count 11), Frank Pimentel (Count 12), Richard and Loretta Nance (Count 14), and Cortez and Magaly Puryear (Count 17), had no contact with Defendant in Missouri arising from the timeshare purchases at issue in this lawsuit. Instead, the purchase of their timeshares happened out of state, in locales such as Las Vegas, Myrtle Beach, and Nashville. Defendants submits that their claims fall outside the Missouri long-arm statue because Plaintiffs and Defendants did not transact any business or make any contact inside Missouri.

When a defendant challenges personal jurisdiction, the plaintiff must rebut the assertions with testimony, affidavits, or other documents. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070. 1074 (8th Cir. 2004). A plaintiff may not simply rest on the bare allegations made in a complaint. *Id.* Plaintiffs in this case do not produce any evidence to rebut Defendants' affidavit, which indicate that the twelve above-listed Plaintiffs did not transact business or make contact with Defendants inside Missouri in relation to the claims in this lawsuit. Instead, Plaintiffs argue that their claims have a relation to Missouri because Defendants operate a timeshare in Branson, Missouri, and that Plaintiffs, by buying a timeshare outside of Missouri, may as a result travel to Missouri to stay at

Defendants' timeshare resort in Branson. The Court finds this argument unavailing. Signing a timeshare contract that allows for the potentiality of a future trip to Missouri does not create an actual contact with the state of Missouri that meets the requirements of the Missouri long-arm statute. Plaintiffs are left with their bare allegation that all relevant transactions took place in Taney County, Missouri. This type of conclusory allegation, when contested, is not enough to establish personal jurisdiction, and for this reason the Court will grant Plaintiff's motion to dismiss these non-Missouri parties.. *Id.* See also *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256, 260 (8th Cir. 1974). To hold otherwise would be to allow the establishment of jurisdiction by speculation and conjecture, in excess of the limits delineated by the Missouri long-arm clause and the Due Process Clause of the Fourteenth Amendment.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9) and **GRANTS** Defendant's Motion to Dismiss for Lack of Jurisdiction over Non-Missouri Claims. (Doc. 3). Counts 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 15, and 17 are hereby **DISMISSED** for lack of personal jurisdiction. Plaintiffs have leave to file a motion for leave to file an amended complaint within 30 days of this Order that complies with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 2, 2019

    /s/ Douglas Harpool_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**