# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **BRENDA ATUTONU KING**, et al., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **WYNDHAM VACATION OWNERSHIP, Inc.,** ) <br> et al., ) <br> ) <br> **Defendants.** ) | Case No. 6:18-CV-03319-MDH |

## ORDER

Before the Court is Defendants' joint Motion to Compel Arbitration as to Plaintiffs Ron and Gail Bergschneider, Steve and Rita Cole, and Dennis and Christina Tobin. (Doc. 53). Defendants request that the Court order the claims of these Plaintiffs be submitted to binding arbitration pursuant to the arbitration clause of their contracts and for the case to be dismissed. For the reasons described below, the Court will grant Defendants' motion.

## Background

Plaintiffs entered into timeshare contracts with Defendants, who operate a timeshare resort business. All contracts at issue in this case were entered into in Branson, Missouri. Plaintiffs have sued Defendants under the Missouri Merchandising Practices Act, contending Defendants violated the act through the use of high-pressure sales tactics, deception, fraud, false pretenses, false promises, and other unfair practices.[1] See RSMo. § 407.025. Plaintiffs argue they were essentially tricked into signing these contracts and that they are entitled to recovery under the MMPA.

---

[1] Plaintiffs were granted leave to file an Amended Complaint on February 4, 2019. (Doc. 46). To date, Plaintiffs have not filed their Amended Complaint. The Court analyzes Plaintiffs' original Petition (Doc. 1-2) for the purposes of this motion but notes its analysis would not be different if it instead analyzed its proposed Amended Complaint. (Doc. 45-1).

1

Each of the contracts contains the following provision:

Any dispute between Parties shall be resolved as follows:

a. Definition of Disputes. The Parties agree that ***any dispute***, claim, suit, demand or controversy arising out of or relating to this Agreement (any "Dispute") shall be determined exclusively and finally by individual arbitration, except as specified below. "Dispute" includes, without limitation, any claim regarding any breach, termination, enforcement, interpretation or validity of this Agreement, ***and claims arising out of or related to the marketing, purchase, and/or use of Owner's Ownership, Owner's use of Seller's properties,*** and/or Owner's participation, in any activities/events sponsored, organized or made available by Seller or any of its affiliates.

Defendants claim that this clause is inclusive of every claim in Plaintiffs' petition that their claims must therefore be submitted to binding arbitration, and that Plaintiffs' claims should be dismissed.

## Discussion

**A. Federal Arbitration Act**

The Federal Arbitration Act requires courts to enforce covered arbitration agreements according to their terms. *Lamps Plus, Inc. v. Varela*, 587 U.S. ___, (2019) (slip op., at 1); *see* 9 U.S.C. § 2. Congress intended for the scope of the FAA to reach the full extent of its constitutional powers under the Commerce Clause. *Allied-Bruce Terminix Co., Inc. vs. Dobson*, 513 U.S. 265, 277 (1995). As such, the FAA extends not only to contracts "within the flow of interstate commerce" but to any transaction that, in general practice, affects interstate commerce in a substantial way. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-57 (2003) (per curiam) (internal citations omitted). The Court finds that because the timeshare contracts enabled Plaintiffs to travel to any number of resort properties outside of Missouri, and also enabled out-of-state timeshare owners to travel to Plaintiffs' properties in Missouri, they both substantially affect interstate commerce and fall within its flow. Accordingly, the Court will enforce the contracts' arbitration provisions according to the FAA. When a court interprets provisions in an agreement covered by

the FAA, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995) (quoting *Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989).

Before applying the FAA, the Court must make a limited inquiry into whether a valid arbitration agreement exists between the parties. *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (8th Cir. 1994). The Court observes that each contract contains an arbitration clause. Yet if the agreement to arbitrate was induced by fraud, as Plaintiffs allege, it is invalid and cannot be arbitrated. *Id.* The Supreme Court has distinguished between fraud relating to the entire contract and fraud relating to an arbitration clause specifically. *Id.* (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967); see also *Ass'd Elec. Co-op., Inc. v. Int'l Bhd. Of Elec. Workers, Local No. 53*, 751 F.3d 898, 905 (9th Cir. 2014). If the claim of fraud goes to the validity of the entire contract, the issue is properly left to arbitration. *Id.* If, however, the claim of fraud goes solely to the presence of an arbitration clause, the claim is not arbitrable and must be resolved by the trial court. *Id.* In this case, Plaintiffs' fraud claims go to the validity of the entire contract, not to the arbitration clause in particular. Thus, the issue of fraud, which underlies each claim, is arbitrable so long as the dispute falls within the contracts' arbitration provisions.

**B. Application**

Plaintiffs claim that Defendants essentially tricked them into entering into timeshare contracts by making false claims about the terms of the contracts during high-pressure marketing presentations. Specifically, they allege that Defendants agents lied to them about the value of their timeshares, their portability, and their ability to rent and sell their units for a profit. As a matter of contract interpretation, the Court finds that these claims, although framed in the language of tort,

3

nonetheless "arise out of" the timeshare contracts and are "related to the marketing, purchase, and/or use of" the timeshare properties. Plaintiffs' claims thus fall within the plain language of the arbitration clauses.

Plaintiffs, in their attempt to escape arbitration, cite to Missouri common law interpreting the Missouri Uniform Arbitration Act. They point primarily to *Nw. Chrysler-Plymouth v. DaimlerChrysler Corp.*, 168 S.W.3d 693 (Mo. Ct. App. 2005). In that case, a car dealership brought a tort action against a car manufacturer after a PT Cruiser caught fire in the dealer's showroom. *Id.* at 695. The manufacturer tried to compel arbitration pursuant to an arbitration clause in a service and sales agreement between the parties that was meant to cover all disputes "arising out of or in connection with the interpretation, performance or nonperformance of this Agreement or any and all disputes arising out of or on connection with transactions in any way related to this Agreement . . . ." *Id*. The trial court denied arbitration. *Id.* at 696. The appellate court affirmed the trial court, holding that "for a tort claim to be subject to arbitration under a broad arbitration clause, it must raise some issue the resolution of which requires reference to or construction of some portion of the parties' contract." *Id.* (internal citation omitted). Because the tort claims arising from the PT Cruiser fire did not require for resolution reference to or construction of the parties' agreement, and indeed were totally unconnected to the agreement, the arbitration clause did not apply. *Id.*

For the reasons explained above, it is the FAA, not Missouri law, that binds the Court. Yet even under Missouri law, Plaintiffs' argument fails. Resolving the issue of whether Defendants misrepresented the terms of the timeshare contracts will necessarily require the fact finder to compare the representations of Defendants' agents with the language of the contracts. To do so, any fact finder would be obligated to refer to and interpret those contracts. This is especially true

4

since Plaintiffs state in their contracts that their timeshares were purchased for recreational, not financial, purposes. It would be impossible to resolve the question of whether Plaintiffs' were induced by Defendants' false promise of financial gain, as they allege, without at least referring to these contract provisions.

The Court finds the parties entered into contracts with valid arbitration clauses whose scopes include the claims made in Plaintiffs' complaint. The Court is obligated to enforce the arbitration agreement. See *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985) (arbitration agreements must be "rigorously enforced."). Accordingly, the Court will grant Plaintiff's Motion to Compel Arbitration as to Plaintiffs Ron and Gail Bergschneider, Steve and Rita Cole, and Dennis and Christina Tobin.

### C. Dismissal

Defendant, assuming the Court would compel arbitration, also moves the Court to dismiss Plaintiffs' claims. Generally, when a district court compels arbitration, the case is stayed until the arbitration has run its course. *Green v. SuperShuttle Int'l Inc.*, 653 F.3d 776, 769 (8th Cir. 2011). However, district courts may, in their discretion, dismiss an action rather than stay it when the entire controversy will be resolved in arbitration. *Id.* at 769-70.

In this case, each one of Plaintiffs' claims arises out of and relates to the marketing and purchasing of the timeshare contracts. The Court believes that all of these claims fall within the scope of the arbitration agreement, and that therefore the entire controversy will be resolved in arbitration. Accordingly, the Court will grant Defendant's Motion and dismiss this action.

### **CONCLUSION**

For the reasons stated above, Defendants' Motion is hereby **GRANTED**. Plaintiffs Ron and Gail Bergschneider, Steve and Rita Cole, and Dennis and Christina Tobin and Defendants are

5

**ORDERED** to submit to arbitration in accordance with the contract documents. Counts VI, VII, and XVIII of the Petition are **DISMISSED** with prejudice.

    **IT IS SO ORDERED**.


DATED: April 24, 2019

                                                   */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**